ROBERT D. PHILLIPS (SBN 086239)
KATHY J. HUANG (SBN 240677)
GILLIAN H. CLOW (SBN 298966)
**ALSTON & BIRD LLP**
333 South Hope Street, Sixteenth Floor
Los Angeles, California 90071
Telephone:  (213) 576-1000
Facsimile:   (213) 576-1100
E-mail:
bo.phillips@alston.com
kathy.huang@alston.com
gillian.clow@alston.com

Attorneys for Defendant
**MINNESOTA LIFE INSURANCE COMPANY**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOLETTE A. PAGE and CLETUS M. PAGE, individually and on behalf of their individual retirement accounts,<br><br>        Plaintiff,<br><br>    v.<br><br>MINNESOTA LIFE INSURANCE COMPANY, a Minnesota corporation; SHURWEST HOLDING COMPANY, INC., an Arizona corporation; SHURWEST, LLC, an Arizona limited liability company; HAPPY STATE BANK & TRUST COMPANY dba GOLDSTAR TRUST COMPANY, a Texas business entity (corporate status unknown); FUTURE INCOME PAYMENTS, LLC, a Delaware limited liability company; CMAM, INC. dba HERITAGE FINANCIAL SERVICES, a California corporation; ALBERT ANDREW MANFRE, an individual; JEANETTE MANFRE, an individual; MATTHEW LEE BIESER, an individual; and DOES 1-10, inclusive,,<br><br>        Defendant. | Case No.: 8:18-cv-01208<br><br>Assigned to the Honorable Andrew J. Guilford - Dept 10D<br><br>**DEFENDANT MINNESOTA LIFE INSURANCE COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT**<br><br><br>Complaint filed:  July 9, 2018<br>Trial date:        None set |

Defendant Minnesota Life Insurance Company ("Minnesota Life"), by and through its undersigned counsel of record, hereby specifically answers the Complaint of Plaintiffs Kolette A. Page and Cletus M. Page (collectively "Plaintiffs") in the above-captioned matter and assert defenses as follows:

## I. SUMMARY OF CLAIMS

1. Minnesota Life denies the allegations contained in paragraph 1 of the Complaint.

2. Minnesota Life denies the allegations contained in paragraph 2 of the Complaint.

3. Minnesota Life denies the allegations contained in paragraph 3 of the Complaint.

4. Minnesota Life denies the allegations contained in paragraph 4 of the Complaint.

5. Minnesota Life denies the allegations contained in paragraph 5 of the Complaint.

6. Minnesota Life denies the allegations contained in paragraph 6 of the Complaint.

7. The allegations in paragraph 7 are legal conclusions to which a response is neither appropriate nor required. To the extent a response is required, Minnesota Life denies the allegations contained in paragraph 7 of the Complaint.

8. The allegations in paragraph 8 are legal conclusions to which a response is neither appropriate nor required. To the extent a response is required, Minnesota Life denies the allegations contained in paragraph 8 of the Complaint.

9. The allegations in paragraph 9 are legal conclusions to which a response is neither appropriate nor required. To the extent a response is required, Minnesota Life denies the allegations contained in paragraph 9 of the Complaint.

10. Minnesota Life denies the allegations contained in paragraph 10 of the Complaint.

## II.   PARTIES

11.   Paragraph 11 does not set forth an allegation asserted against Minnesota Life and therefore, no response is required.  To the extent a response is required, Minnesota Life is without knowledge or information sufficient to respond to the allegations contained in paragraph 11 of the Complaint and, on that basis, denies the allegations.

12.   Minnesota Life admits that it is an insurance company headquartered in Minnesota and that defendants Albert, Jeanette and Bieser were appointed to sell life insurance for Minnesota Life.  Minnesota Life denies the remaining allegations contained in paragraph 12 of the Complaint.

13.   Paragraph 13 does not set forth an allegation against Minnesota Life and, therefore, no response is required.  To the extent a response is required, Minnesota Life is without knowledge or information sufficient to respond to the allegations contained in paragraph 13 of the Complaint and, on that basis, denies the allegations.

14.   Paragraph 14 does not set forth an allegation against Minnesota Life and, therefore, no response is required.  To the extent a response is required, Minnesota Life is without knowledge or information sufficient to respond to the allegations contained in paragraph 14 of the Complaint and, on that basis, denies the allegations.

15.   Paragraph 15 does not set forth an allegation against Minnesota Life and, therefore, no response is required.  To the extent a response is required, Minnesota Life is without knowledge or information sufficient to respond to the allegations contained in paragraph 15 of the Complaint and, on that basis, denies the allegations.

16.   Paragraph 16 does not set forth an allegation against Minnesota Life and, therefore, no response is required.  To the extent a response is required, Minnesota Life is without knowledge or information sufficient to respond to the allegations contained in paragraph 16 of the Complaint and, on that basis, denies the allegations.

17.   Minnesota Life admits that Albert Andrew Manfre was appointed to sell life insurance for Minnesota Life.  As to the remaining allegations in paragraph 17,

Minnesota Life is without knowledge or information sufficient to respond, and on that basis, denies the allegations.

18. Minnesota Life admits that Jeannette Manfre was appointed to sell life insurance for Minnesota Life.  As to the remaining allegations in paragraph 18, Minnesota Life is without knowledge or information sufficient to respond, and on that basis, denies the allegations.

19. Minnesota Life admits that Matthew Lee Bieser was appointed to sell life insurance for Minnesota Life.  As to the remaining allegations in paragraph 19, Minnesota Life is without knowledge or information sufficient to respond, and on that basis, denies the allegations.

20. Paragraph 20 does not set forth an allegation asserted against Minnesota Life and therefore, no response is required.  To the extent a response is required, Minnesota Life is without knowledge or information sufficient to respond to the allegations contained in paragraph 20 of the Complaint and, on that basis, denies the allegations.

21. Minnesota Life denies the allegations contained in paragraph 21 of the Complaint.

22. Minnesota Life denies the allegations contained in paragraph 22 of the Complaint.

### III.   JURISDICTION AND VENUE

23. Minnesota Life admits the allegations contained in paragraph 23 of the Complaint.

24. Minnesota Life admits the allegations contained in paragraph 24 of the Complaint.

25. Minnesota Life is without knowledge or information sufficient to respond to the allegations contained in paragraph 25 of the Complaint and, on that basis, denies the allegations.

26.    The allegations in paragraph 26 are legal conclusions to which a response is neither appropriate nor required.

### IV.    OPERATIVE FACTS

27.    Minnesota Life is without knowledge or information sufficient to respond to the allegations contained in paragraph 27 of the Complaint and, on that basis, denies the allegations.

28.    Minnesota Life is without knowledge or information sufficient to respond to the allegations contained in paragraph 28 of the Complaint and, on that basis, denies the allegations.

29.    Minnesota Life responds that California Ins. Code § 785.4 speaks for itself as to its contents.

30.    Minnesota Life denies the allegation in paragraph 30 that it knew or should have known of the purported Section 785.4 violations by defendants Heritage, Albert, Jeanette, Shurwest and Bieser.  Minnesota Life is without knowledge or information sufficient to respond to the remaining allegations in paragraph 30 of the Complaint and, on that basis, denies the allegations.

31.    Minnesota Life denies the allegations made in paragraph 31 relating to Minnesota Life.  Minnesota Life is without knowledge or information sufficient to respond to the remaining allegations contained in paragraph 31 of the Complaint and, on that basis, denies the allegations.

32.    Minnesota Life is without knowledge or information sufficient to respond to the allegations in paragraph 32 of the Complaint and, on that basis, denies the allegations.

33.    Minnesota Life specifically denies that it engaged in "aggressive and deceptive sales tactics."  Minnesota Life is without knowledge or information to respond to the remaining allegations in paragraph 33 and, on that basis, denies the allegations.

34.     Minnesota Life is without knowledge or information sufficient to respond to the allegations in paragraph 34 of the Complaint and, on that basis, denies the allegations.

35.     Minnesota Life is without knowledge or information sufficient to respond to the allegations in paragraph 35 of the Complaint and, on that basis, denies the allegations.

36.     Minnesota Life is without knowledge or information sufficient to respond to the allegations in paragraph 36 of the Complaint and, on that basis, denies the allegations.

37.     Minnesota Life is without knowledge or information sufficient to respond to the allegations in paragraph 37 of the Complaint and, on that basis, denies the allegations.

38.     Minnesota Life admits Plaintiff Kolette A. Page applied for and was issued a Minnesota Life "Omega Builder Indexed Universal Life" insurance policy (policy no. xxx6081W) with a death benefit of $2 million and a premium of $113,539 due annually.  Minnesota Life is without knowledge or information sufficient to respond to the remaining allegations in paragraph 38 of the Complaint and, on that basis, denies the allegations.

39.     Minnesota Life is without knowledge or information sufficient to respond to the allegations in paragraph 39 of the Complaint and, on that basis, denies the allegations.

40.     Minnesota Life admits Plaintiff Cletus M. Page applied for and was issued a Minnesota Life "Omega Builder Indexed Universal Life" insurance policy (policy no. xxx9788W) with a death benefit of $1.8 million and a premium of $185,705 due annually.  Minnesota Life is without knowledge or information sufficient to respond to the remaining allegations in paragraph 40 of the Complaint and, on that basis, denies the allegations.

41.     Minnesota Life is without knowledge or information sufficient to respond to the allegations in paragraph 41 of the Complaint and, on that basis, denies the allegations.

42.     Minnesota Life is without knowledge or information sufficient to respond to the allegations in paragraph 42 of the Complaint and, on that basis, denies the allegations.

43.     Minnesota Life is without knowledge or information sufficient to respond to the allegations in paragraph 43 of the Complaint and, on that basis, denies the allegations.

44.     Paragraph 44 contains legal conclusions to which a response is neither appropriate nor required.  To the extent a response is required, Minnesota Life denies the allegations contained in paragraph 44 of the Complaint.

45.     Minnesota Life denies the allegations in paragraph 45 of the Complaint relating to Minnesota Life.  The allegations in paragraph 45 also consist of legal conclusions to which a response is neither appropriate nor required.  Minnesota Life is without knowledge or information sufficient to respond to the remaining allegations in paragraph 45 of the Complaint and, on that basis, denies the allegations.

46.     Minnesota Life denies the allegations contained in paragraph 46 of the Complaint.

47.     Minnesota Life is without knowledge or information sufficient to respond to the allegations in paragraph 47 of the Complaint and, on that basis, denies the allegations.

48.     Minnesota Life admits that Albert Andrew Manfre, Jeannette Manfre, and Matthew Lee Bieser were appointed to sell life insurance for Minnesota Life. Minnesota Life denies the remaining allegations contained in paragraph 48 of the Complaint.

49.     Minnesota Life admits that it is an insurance company and that it sells permanent life insurance.  The remaining allegations in paragraph 49 contain legal conclusions to which a response is neither appropriate nor required.

50.     Paragraph 50 contains legal conclusions to which a response is neither appropriate nor required.

51.     Paragraph 51 contains legal conclusions to which a response is neither appropriate nor required.  Minnesota Life denies the remaining allegations contained in paragraph 51 of the Complaint.

52.     Paragraph 52 contains legal conclusions to which a response is neither appropriate nor required.  To the extent a response is required, Minnesota Life denies the allegations contained in paragraph 52 of the Complaint.

53.     Minnesota Life admits that Plaintiffs' Minnesota Life policies called for a combined annual premium of nearly $300,000.00 and denies the remaining allegations contained in paragraph 53 of the Complaint.

54.     Minnesota Life denies the allegations contained in paragraph 54 of the Complaint.

55.     Minnesota Life is without knowledge or information sufficient to respond to the allegations contained in paragraph 55 of the Complaint and, on that basis, denies the allegations.

56.     Minnesota Life is without knowledge or information sufficient to respond to the allegations contained in paragraph 56 of the Complaint and, on that basis, denies the allegations.

57.     Minnesota Life is without knowledge or information sufficient to respond to the allegations contained in paragraph 57 of the Complaint and, on that basis, denies the allegations.

58.     Minnesota Life is without knowledge or information sufficient to respond to the allegations contained in paragraph 58 of the Complaint and, on that basis, denies the allegations.

59.     Minnesota Life is without knowledge or information sufficient to respond to the allegations contained in paragraph 59 of the Complaint and, on that basis, denies the allegations.

60.     Minnesota Life is without knowledge or information sufficient to respond to the allegations contained in paragraph 60 of the Complaint and, on that basis, denies the allegations.

61.     Minnesota Life is without knowledge or information sufficient to respond to the allegations contained in paragraph 61 of the Complaint and, on that basis, denies the allegations.

62.     Minnesota Life is without knowledge or information sufficient to respond to the allegations contained in paragraph 62 of the Complaint and, on that basis, denies the allegations.

63.     Minnesota Life denies the allegations in paragraph 63 relating to Minnesota Life.  Minnesota Life is without knowledge or information sufficient to respond to the remaining allegations contained in paragraph 63 of the Complaint and, on that basis, denies the allegations.

64.     Minnesota Life is without knowledge or information sufficient to respond to the allegations contained in paragraph 64 of the Complaint and, on that basis, denies the allegations.

65.     Minnesota Life is without knowledge or information sufficient to respond to the allegations contained in paragraph 65 of the Complaint and, on that basis, denies the allegations.

66.     The allegations in paragraph 66 are legal conclusions to which a response is neither appropriate nor required.  To the extent a response is required, Minnesota Life denies the allegations contained in paragraph 66 of the Complaint.

67.     Minnesota Life denies the allegations in paragraph 67 of the Complaint relating to Minnesota Life.  Minnesota Life is without knowledge or information

sufficient to respond to the remaining allegations contained in paragraph 67 of the Complaint and, on that basis, denies the allegations.

68.     Minnesota Life denies the allegations made in paragraph 68 of the Complaint relating to Minnesota Life.  Minnesota Life is without knowledge or information sufficient to respond to the remaining allegations contained in paragraph 68 of the Complaint and, on that basis, denies the allegations.

69.     Minnesota Life denies the allegations contained in paragraph 69 of the Complaint.

70.     Minnesota Life is without knowledge or information sufficient to respond to the allegations contained in paragraph 70 of the Complaint and, on that basis, denies the allegations.

71.     Minnesota Life denies the allegations in paragraph 71 of the Complaint relating to Minnesota Life.  Minnesota Life is without knowledge or information sufficient to respond to the remaining allegations contained in paragraph 71 of the Complaint and, on that basis, denies the allegations.

72.     Minnesota Life is without knowledge or information sufficient to respond to the allegations contained in paragraph 72 of the Complaint and, on that basis, denies the allegations.

73.     Minnesota Life is without knowledge or information sufficient to respond to the allegations contained in paragraph 73 of the Complaint and, on that basis, denies the allegations.

74.     Minnesota Life is without knowledge or information sufficient to respond to the allegations contained in paragraph 74 of the Complaint and, on that basis, denies the allegations.

75.     Minnesota Life is without knowledge or information sufficient to respond to the allegations contained in paragraph 75 of the Complaint and, on that basis, denies the allegations.

76.     Minnesota Life is without knowledge or information sufficient to respond to the allegations contained in paragraph 76 of the Complaint and, on that basis, denies the allegations.

77.     Minnesota Life is without knowledge or information sufficient to respond to the allegations contained in paragraph 77 of the Complaint and, on that basis, denies the allegations.

78.     Minnesota Life is without knowledge or information sufficient to respond to the allegations contained in paragraph 78 of the Complaint and, on that basis, denies the allegations.

79.     Minnesota Life is without knowledge or information sufficient to respond to the allegations contained in paragraph 79 of the Complaint and, on that basis, denies the allegations.

80.     Minnesota Life is without knowledge or information sufficient to respond to the allegations contained in paragraph 80 of the Complaint and, on that basis, denies the allegations.

81.     Paragraph 81 contains legal conclusions to which a response is neither appropriate nor required.  To the extent a response is required, Minnesota Life denies those allegations contained in paragraph 81 of the Complaint.  Minnesota Life is without knowledge or information sufficient to respond to the remaining allegations contained in paragraph 81 of the Complaint and, on that basis, denies the allegations.

## V.     CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

## (VIOLATION OF THE FEDERAL SECURITIES ACT BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS AND DOES 1 AND 2)

82.     Minnesota Life incorporates by reference its responses to paragraph 1 through 81 of the Complaint as if set forth fully herein.

83.     Paragraph 83 contains legal conclusions to which a response is neither appropriate nor required.

84.     Minnesota Life denies the allegations in paragraph 84 of the Complaint relating to Minnesota Life.  Minnesota Life is without knowledge or information sufficient to respond to the remaining allegations contained in paragraph 84 of the Complaint and, on that basis, denies the allegations.

85.     Minnesota Life denies the allegations in paragraph 85 of the Complaint relating to Minnesota Life.  Minnesota Life is without knowledge or information sufficient to respond to the remaining allegations contained in paragraph 85 of the Complaint and, on that basis, denies the allegations.

86.     Minnesota Life denies the allegations in paragraph 86 of the Complaint relating to Minnesota Life.  Minnesota Life is without knowledge or information sufficient to respond to the remaining allegations contained in paragraph 86 of the Complaint and, on that basis, denies the allegations.

87.     Paragraph 87 contains legal conclusions to which a response is neither appropriate nor required.

88.     Paragraph 88 contains legal conclusions to which a response is neither appropriate nor required.  To the extent a response is required, Minnesota Life denies the allegations contained in paragraph 88 of the Complaint.

## SECOND CLAIM FOR RELIEF

### (BREACH OF FIDUCIARY DUTY BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS AND DOES 3 TO 5)

89.     Minnesota Life incorporates by reference its responses to paragraph 1 through 88 of the Complaint as if set forth fully herein.

90.     Paragraph 90 contains legal conclusions to which a response is neither appropriate nor required.  To the extent a response is required, Minnesota Life denies the allegations contained in paragraph 90 of the Complaint.

91.     Paragraph 91 contains legal conclusions to which a response is neither appropriate nor required.  To the extent a response is required, Minnesota Life denies the allegations contained in paragraph 91 of the Complaint.

92.     Paragraph 92 contains legal conclusions to which a response is neither appropriate nor required.  To the extent a response is required, Minnesota Life denies the allegations contained in paragraph 92 of the Complaint.

93.     Minnesota Life is without knowledge or information sufficient to respond to the allegations contained in paragraph 93 of the Complaint and, on that basis, denies the allegations.

94.     Paragraph 94 contains legal conclusions to which a response is neither appropriate nor required.  To the extent a response is required, Minnesota Life denies the allegations contained in paragraph 105 of the Complaint.

95.     Paragraph 95 contains legal conclusions to which a response is neither appropriate nor required.  To the extent a response is required, Minnesota Life denies the allegations contained in paragraph 95 of the Complaint.

96.     Paragraph 96 contains legal conclusions to which a response is neither appropriate nor required.  To the extent a response is required, Minnesota Life denies the allegations contained in paragraph 96 of the Complaint.

97.     Paragraph 97 contains legal conclusions to which a response is neither appropriate nor required.  To the extent a response is required, Minnesota Life denies the allegations contained in paragraph 97 of the Complaint.

## THIRD CLAIM FOR RELIEF

## (AIDING AND ABETTING BREACH OF FIDUCIARY DUTY BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS AND DOES 6 AND 7)

98.     Minnesota Life incorporates by reference its responses to paragraph 1 through 97 of the Complaint as if set forth fully herein.

99.     Minnesota Life denies the allegations contained in paragraph 99 of the Complaint.

100.    Minnesota Life denies the allegations contained in paragraph 100 relating to Minnesota Life.  Minnesota Life is without knowledge or information sufficient to

respond to the remaining allegations contained in paragraph 100 of the Complaint and, on that basis, denies the allegations.

101.   Paragraph 101 contains legal conclusions to which a response is neither appropriate nor required.  To the extent a response is required, Minnesota Life denies the allegations contained in paragraph 101 of the Complaint.

102.   Paragraph 102 contains legal conclusions to which a response is neither appropriate nor required.  To the extent a response is required, Minnesota Life denies the allegations contained in paragraph 102 of the Complaint.

103.   Paragraph 103 contains legal conclusions to which a response is neither appropriate nor required.  To the extent a response is required, Minnesota Life denies the allegations contained in paragraph 103 of the Complaint.

## FOURTH CLAIM FOR RELIEF

## (FINANCIAL ELDER ABUSE BY PLAINTIFF CLETUS AGAINST ALL DEFENDANTS AND DOES 1 TO 10)

104.   Minnesota Life incorporates by reference its responses to paragraph 1 through 103 of the Complaint as if set forth fully herein.

105.   Paragraph 105 contains legal conclusions to which a response is neither appropriate nor required.  To the extent a response is required, Minnesota Life denies the allegations contained in paragraph 105 of the Complaint.

106.   Paragraph 106 contains legal conclusions to which a response is neither appropriate nor required.  To the extent a response is required, Minnesota Life denies the allegations contained in paragraph 106 of the Complaint.

107.   Paragraph 107 contains legal conclusions to which a response is neither appropriate nor required.  To the extent a response is required, Minnesota Life denies the allegations contained in paragraph 107 of the Complaint.

108.   Minnesota Life denies the allegations made in paragraph 108 of the Complaint relating to Minnesota Life.  Minnesota Life is without knowledge or

information sufficient to respond to the remaining allegations contained in paragraph 108 of the Complaint and, on that basis, denies the allegations.

109.   Paragraph 109 contains legal conclusions to which a response is neither appropriate nor required.

110.   Paragraph 110 contains legal conclusions to which a response is neither appropriate nor required.

**FIFTH CLAIM FOR RELIEF**

**(VIOLATION OF THE CALIFORNIA CORPORATIONS CODE BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS AND DOES 1 AND 2)**

111.   Minnesota Life incorporates by reference its responses to paragraph 1 through 110 of the Complaint as if set forth fully herein.

112.   Paragraph 112 contains legal conclusions to which a response is neither appropriate nor required.  To the extent a response is required, Minnesota Life denies the allegations contained in paragraph 112 of the Complaint.

113.   Minnesota Life responds that Cal Corp. Code §§ 25100 to 25130 speak for themselves as to their contents.

114.   Minnesota Life responds that Cal Corp. Code § 25211 speaks for itself as to its contents.

115.   Minnesota Life responds that Cal Corp. Code § 25401 speaks for itself as to its contents.

116.   Minnesota Life responds that Cal Corp. Code § 25501 speaks for itself as to its contents.

117.   Minnesota Life responds that Cal Corp. Code § 25501.5 speaks for itself as to its contents.

118.   Minnesota Life denies the allegations made in paragraph 118 of the Complaint relating to Minnesota Life.  Minnesota Life is without knowledge or information sufficient to respond to the remaining allegations contained in paragraph 118 of the Complaint and, on that basis, denies the allegations.

119.   Minnesota Life is without knowledge or information sufficient to respond to the allegations contained in paragraph 119 of the Complaint and, on that basis, denies the allegations.

120.   Minnesota Life denies the allegations made in paragraph 120 of the Complaint relating to Minnesota Life.  Minnesota Life is without knowledge or information sufficient to respond to the remaining allegations contained in paragraph 120 of the Complaint and, on that basis, denies the allegations.

121.   Paragraph 121 contains legal conclusions to which a response is neither appropriate nor required.  To the extent a response is required, Minnesota Life denies the allegations contained in paragraph 121 of the Complaint.

122.   Paragraph 122 contains legal conclusions to which a response is neither appropriate nor required.

123.   Paragraph 123 contains legal conclusions to which a response is neither appropriate nor required.  To the extent a response is required, Minnesota Life denies the allegations contained in paragraph 123 of the Complaint.

124.   Paragraph 124 contains legal conclusions to which a response is neither appropriate nor required.  To the extent a response is required, Minnesota Life denies the allegations contained in paragraph 124 of the Complaint.

## SIXTH CLAIM FOR RELIEF

**(VIOLATION OF THE CALIFORNIA CONSUMER LEGAL REMEDIES ACT ("CLRA") BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS AND DOES 1 TO 10) (*INJUNCTIVE RELIEF ONLY*)**

125.   Minnesota Life incorporates by reference its responses to paragraph 1 through 125 of the Complaint as if set forth fully herein.

126.   Minnesota Life responds that Cal Civ. Code § 1770(a) speaks for itself as to its contents.

127.   Minnesota Life denies the allegations made in paragraph 127 of the Complaint relating to Minnesota Life.  Minnesota Life is without knowledge or

information sufficient to respond to the remaining allegations contained in paragraph 127 of the Complaint and, on that basis, denies the allegations.

128.   Minnesota Life is without knowledge or information sufficient to respond to the allegations contained in paragraph 128 of the Complaint and, on that basis, denies the allegations.

129.   Minnesota Life is without knowledge or information sufficient to respond to the allegations contained in paragraph 129 of the Complaint and, on that basis, denies the allegations.

130.   Minnesota Life responds that Cal Civ. Code § 1780(a) speaks for itself as to its contents.

131.   Minnesota Life responds that Cal Civ. Code § 1780(b)(1) speaks for itself as to its contents.

132.   Minnesota Life responds that the demand letter attached as Exhibit A speaks for itself as to its contents.  Minnesota Life asserts that the remaining allegations contained in paragraph 132 of the Complaint are legal arguments that do not require a response.

## SEVENTH CLAIM FOR RELIEF

## (UNFAIR BUSINESS PRACTICES IN VIOLATION OF BUS. AND PROF. CODE SECTION 17200 BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS AND DOES 1 TO 10)

133.   Minnesota Life incorporates by reference its responses to paragraph 1 through 132 of the Complaint as if set forth fully herein.

134.   Minnesota Life denies the allegations made in paragraph 134 of the Complaint relating to Minnesota Life.  Minnesota Life is without knowledge or information sufficient to respond to the remaining allegations contained in paragraph 134 of the Complaint and, on that basis, denies the allegations.

135.   Paragraph 135 contains legal conclusions to which a response is neither appropriate nor required.  To the extent a response is required, Minnesota Life denies the allegations contained in paragraph 135 of the Complaint.

136.   Paragraph 136 contains legal conclusions to which a response is neither appropriate nor required.  To the extent a response is required, Minnesota Life denies the allegations contained in paragraph 136 of the Complaint.

## EIGHTH CLAIM FOR RELIEF

### (COMMON LAW FRAUD BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS AND DOES 1 TO 10)

137.   Minnesota Life incorporates by reference its responses to paragraph 1 through 136 of the Complaint as if set forth fully herein.

138.   Minnesota Life denies the allegations made in paragraph 138 of the Complaint relating to Minnesota Life.  Minnesota Life is without knowledge or information sufficient to respond to the remaining allegations contained in paragraph 138 of the Complaint and, on that basis, denies the allegations.

139.   Minnesota Life denies the allegations made in paragraph 139 of the Complaint relating to Minnesota Life.  Minnesota Life is without knowledge or information sufficient to respond to the remaining allegations contained in paragraph 139 of the Complaint and, on that basis, denies the allegations.

140.   Minnesota Life denies the allegations contained in paragraph 140 of the Complaint.

141.   Minnesota Life is without knowledge or information sufficient to respond to the allegations contained in paragraph 141 of the Complaint and, on that basis, denies the allegations.

142.   Minnesota Life denies the allegations made in paragraph 142 of the Complaint relating to Minnesota Life.  Minnesota Life is without knowledge or information sufficient to respond to the remaining allegations contained in paragraph 142 of the Complaint and, on that basis, denies the allegations.

143.   Minnesota Life denies the allegations made in paragraph 143 of the Complaint relating to Minnesota Life.  Minnesota Life is without knowledge or information sufficient to respond to the remaining allegations contained in paragraph 143 of the Complaint and, on that basis, denies the allegations.

144.   Paragraph 144 contains legal conclusions to which a response is neither appropriate nor required.  To the extent a response is required, Minnesota Life denies the allegations contained in paragraph 144 of the Complaint.

145.   Paragraph 145 contains legal conclusions to which a response is neither appropriate nor required.  To the extent a response is required, Minnesota Life denies the allegations contained in paragraph 145 of the Complaint.

146.   Paragraph 146 contains legal conclusions to which a response is neither appropriate nor required.  To the extent a response is required, Minnesota Life denies the allegations contained in paragraph 146 of the Complaint.

## NINTH CLAIM FOR RELIEF

### (CONSTRUCTIVE FRAUD BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS AND DOES 3 TO 7)

147.   Minnesota Life incorporates by reference its responses to paragraph 1 through 146 of the Complaint as if set forth fully herein.

148.   Minnesota Life denies the allegations made in paragraph 148 of the Complaint relating to Minnesota Life.  Minnesota Life is without knowledge or information sufficient to respond to the remaining allegations contained in paragraph 148 of the Complaint and, on that basis, denies the allegations.

149.   Minnesota Life denies the allegations made in paragraph 149 of the Complaint relating to Minnesota Life.  Minnesota Life is without knowledge or information sufficient to respond to the remaining allegations contained in paragraph 149 of the Complaint and, on that basis, denies the allegations.

150.   Minnesota Life denies the allegations made in paragraph 150 of the Complaint relating to Minnesota Life.  Minnesota Life is without knowledge or

information sufficient to respond to the remaining allegations contained in paragraph 150 of the Complaint and, on that basis, denies the allegations.

151.    Minnesota Life denies the allegations made in paragraph 151 of the Complaint relating to Minnesota Life.  Minnesota Life is without knowledge or information sufficient to respond to the remaining allegations contained in paragraph 151 of the Complaint and, on that basis, denies the allegations.

152.    Minnesota Life is without knowledge or information sufficient to respond to the allegations contained in paragraph 152 of the Complaint and, on that basis, denies the allegations.

153.    Minnesota Life denies the allegations made in paragraph 153 of the Complaint relating to Minnesota Life.  Minnesota Life is without knowledge or information sufficient to respond to the remaining allegations contained in paragraph 153 of the Complaint and, on that basis, denies the allegations.

154.    Paragraph 154 contains legal conclusions to which a response is neither appropriate nor required.  To the extent a response is required, Minnesota Life denies the allegations contained in paragraph 154 of the Complaint.

155.    Paragraph 155 contains legal conclusions to which a response is neither appropriate nor required.  To the extent a response is required, Minnesota Life denies the allegations contained in paragraph 155 of the Complaint.

156.    Paragraph 156 contains legal conclusions to which a response is neither appropriate nor required.  To the extent a response is required, Minnesota Life denies the allegations contained in paragraph 156 of the Complaint.

## TENTH CLAIM FOR RELIEF

## (NEGLIGENT MISREPRESENTATION BY ALL PLAINITFFS AGAINST ALL DEFENDANTS AND DOES 1 TO 10)

157.    Minnesota Life incorporates by reference its responses to paragraph 1 through 156 of the Complaint as if set forth fully herein.

158.   Minnesota Life denies the allegations made in paragraph 158 of the Complaint relating to Minnesota Life.  Minnesota Life is without knowledge or information sufficient to respond to the remaining allegations contained in paragraph 158 of the Complaint and, on that basis, denies the allegations.

159.   Minnesota Life denies the allegations made in paragraph 159 of the Complaint relating to Minnesota Life.  Minnesota Life is without knowledge or information sufficient to respond to the remaining allegations contained in paragraph 159 of the Complaint and, on that basis, denies the allegations.

160.   Minnesota Life denies the allegations contained in paragraph 160 of the Complaint.

161.   Minnesota Life is without knowledge or information sufficient to respond to the allegations contained in paragraph 161 of the Complaint and, on that basis, denies the allegations.

162.   Minnesota Life denies the allegations made in paragraph 162 of the Complaint relating to Minnesota Life.  Minnesota Life is without knowledge or information sufficient to respond to the remaining allegations contained in paragraph 162 of the Complaint and, on that basis, denies the allegations.

163.   Minnesota Life denies the allegations made in paragraph 163 of the Complaint relating to Minnesota Life.  Minnesota Life is without knowledge or information sufficient to respond to the remaining allegations contained in paragraph 163 of the Complaint and, on that basis, denies the allegations.

164.   Minnesota Life denies the allegations made in paragraph 164 of the Complaint relating to Minnesota Life.  Minnesota Life is without knowledge or information sufficient to respond to the remaining allegations contained in paragraph 164 of the Complaint and, on that basis, denies the allegations.

165.   Minnesota Life denies the allegations made in paragraph 165 of the Complaint relating to Minnesota Life.  Minnesota Life is without knowledge or

DEFENDANT MINNESOTA LIFE INSURANCE COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT

1  information sufficient to respond to the remaining allegations contained in paragraph

2  165 of the Complaint and, on that basis, denies the allegations.

3       166.   Paragraph 166 contains legal conclusions to which a response is neither

4  appropriate nor required.  To the extent a response is required, Minnesota Life denies

5  the allegations contained in paragraph 166 of the Complaint.

6       167.   Paragraph 167 contains legal conclusions to which a response is neither

7  appropriate nor required.  To the extent a response is required, Minnesota Life denies

8  the allegations contained in paragraph 167 of the Complaint.

9       168.   Paragraph 168 contains legal conclusions to which a response is neither

10  appropriate nor required.  To the extent a response is required, Minnesota Life denies

11  the allegations contained in paragraph 168 of the Complaint.

12  **ELEVENTH CLAIM FOR RELIEF**

13  **(NEGLIGENCE BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS AND**

14  **DOES 1 TO 10)**

15       169.   Minnesota Life incorporates by reference its responses to paragraph 1

16  through 168 of the Complaint as if set forth fully herein.

17       170.   Paragraph 170 contains legal conclusions to which a response is neither

18  appropriate nor required.  To the extent a response is required, Minnesota Life denies

19  the allegations contained in paragraph 170 of the Complaint.

20       171.   Paragraph 171 contains legal conclusions to which a response is neither

21  appropriate nor required.  To the extent a response is required, Minnesota Life denies

22  the allegations contained in paragraph 171 of the Complaint.

23       172.   Paragraph 172 contains legal conclusions to which a response is neither

24  appropriate nor required.  To the extent a response is required, Minnesota Life denies

25  the allegations contained in paragraph 172 of the Complaint.

26       173.   Paragraph 173 contains legal conclusions to which a response is neither

27  appropriate nor required.  To the extent a response is required, Minnesota Life denies

28  the allegations contained in paragraph 173 of the Complaint.

174.   Paragraph 174 contains legal conclusions to which a response is neither appropriate nor required.  To the extent a response is required, Minnesota Life denies the allegations contained in paragraph 174 of the Complaint.

## TWELFTH CLAIM FOR RELIEF

### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS AND DOES 1 TO 10)

175.   Minnesota Life incorporates by reference its responses to paragraph 1 through 174 of the Complaint as if set forth fully herein.

176.   Paragraph 176 contains legal conclusions to which a response is neither appropriate nor required.  To the extent a response is required, Minnesota Life denies the allegations contained in paragraph 176 of the Complaint.

177.   Paragraph 177 contains legal conclusions to which a response is neither appropriate nor required.  To the extent a response is required, Minnesota Life denies the allegations contained in paragraph 177 of the Complaint.

178.   Paragraph 178 contains legal conclusions to which a response is neither appropriate nor required.  To the extent a response is required, Minnesota Life denies the allegations contained in paragraph 178 of the Complaint.

179.   Paragraph 179 contains legal conclusions to which a response is neither appropriate nor required.  To the extent a response is required, Minnesota Life denies the allegations contained in paragraph 179 of the Complaint.

## PRAYER FOR RELIEF

Minnesota Life denies that Plaintiffs are entitled to the relief requested or to any relief at all.

## AFFIRMATIVE DEFENSES

Minnesota Life asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

1.      The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (No Damages)

2.      Plaintiffs' claims are barred, in whole or in part, because the Minnesota Life insurance policies purchased by the Plaintiffs have performed as promised, and they have sustained no injury in fact or damages caused by any act of Minnesota Life.

## THIRD AFFIRMATIVE DEFENSE
### (Lack of Knowledge)

3.      Minnesota Life did not know and, in the exercise of reasonable care, could not have known about the existence of the unlawful acts alleged in the Complaint to have been committed by Albert Andrew Manfre, Jeannette Manfre, and Matthew Lee Bieser.

## FOURTH AFFIRMATIVE DEFENSE
### (Negligence or Conduct of Others)

4.      If Plaintiffs suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of others, and not by Minnesota Life.

## FIFTH AFFIRMATIVE DEFENSE

### (Fault of Plaintiffs)

5.      If Plaintiffs suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of Plaintiffs themselves, and not Minnesota Life.

## SIXTH AFFIRMATIVE DEFENSE

### (Intervening Acts)

6.      The damages complained of were the result of the intervening actions of others and were not proximately caused by the actions or omissions of Minnesota Life.

## SEVENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

7.      Plaintiffs' claims are barred, in whole or in part, by the principles of assumption of risk because they knew about the risks and voluntarily undertook the risks that led to the injuries alleged in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

### (Lack of Vicarious Liability)

8.      The Complaint fails to state facts sufficient to constitute a cause of action against Minnesota Life because it is not vicariously liable for any alleged wrongful acts committed by Albert Andrew Manfre, Jeannette Manfre, and Matthew Lee Bieser, which were not committed within the course and scope of their limited agency role as to Minnesota Life.

## NINTH AFFIRMATIVE DEFENSE

### (No Control)

9.     The Complaint fails to state facts sufficient to constitute a claim against Minnesota Life because Minnesota Life did not routinely control or direct the manner in which Albert Andrew Manfre, Jeannette Manfre, or Matthew Lee Bieser performed their work.

## TENTH AFFIRMATIVE DEFENSE

### (No Duty)

10.     Minnesota Life owed no duty of care to Plaintiffs to control the alleged conduct of Albert Andrew Manfre, Jeannette Manfre, or Matthew Lee Bieser to the extent they acted outside the scope of their limited agency role as to Minnesota Life.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Foreseeable Risk)

11.     Minnesota Life did not know and, in the exercise of reasonable care, could not have known that Albert Andrew Manfre, Jeannette Manfre, and Matthew Lee Bieser posed a foreseeable risk of harm to Plaintiffs.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Causation)

12.     The Complaint fails to show that any alleged acts or omissions of Minnesota Life caused the injuries or damages claimed by Plaintiffs.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

13.     Plaintiffs are barred from relief for their claims because they have failed to take reasonable and necessary steps to mitigate their alleged damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

14.   Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of estoppel.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

15.    Plaintiffs, by their words, conduct and agreements, have waived the claims set forth in the Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Consent, Ratification or Acquiescence)

16.   Plaintiffs consented to, approved, ratified or acquiesced to the acts and omissions about which they now complain, and, therefore, they are barred from pursuing this action.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Excuse/Justification)

17.   The acts and omissions of Minnesota Life, if any, were excused and/or justified by the information and facts available to Minnesota Life at the time such acts and omissions, if any, occurred.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

18.   Minnesota Life acted in good faith and has reasonable grounds for believing that its conduct did not violate any law and, in fact, Minnesota Life's conduct did not violate any law.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NINETEENTH AFFIRMATIVE DEFENSE

### (Compliance with Law)

19.    Minnesota Life's conduct and activities were in compliance with applicable Federal and State law.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Contribution)

20.    Any harm alleged can be attributed to several causes, and the damages for this harm, if any, should be apportioned among the various causes according to the contribution of each cause to the harm sustained.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Failure to Plead Fraud With Particularity)

21.    Plaintiffs have failed to plead allegations of fraud or deception with the specificity or detail required.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Conduct Not "Unlawful")

22.    Minnesota Life does not engage in any unlawful practice as alleged in Plaintiffs' Complaint.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Conduct Not "Unfair")

23.    Minnesota Life's legitimate business practices are not "unfair" within the meaning of Business & Professions Code section 17200.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Conduct Not "Fraudulent" nor "Likely to Mislead")

24.     Minnesota Life's practices are neither fraudulent nor likely to mislead.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

25.     Plaintiffs' claims, and each of them, and their request for injunctive relief are barred in light of the fact that Plaintiffs have an adequate remedy in that by their terms, the claims of harm by Plaintiffs are monetary in nature and involve alleged financial loss.  All of the allegations, if true, could be compensated by readily ascertainable damages.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

26.     The Complaint fails to state facts sufficient to recover punitive or exemplary damages.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Punitive Damages Unconstitutional)

27.     Plaintiffs are not entitled to recover punitive damages because the imposition of such damages violates the United States and California Constitutions, in that the imposition of such damages would violate Minnesota Life's rights to due process and/or equal protection under the law, under the United States and California Constitutions.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Corrective Measures)

28.     Plaintiffs' Complaint fails because Minnesota Like took appropriate corrective measures or promised to take corrective measures within a reasonable time within 30 days of receiving notice from Plaintiffs.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Other Defenses)

29.     Minnesota Life specifically gives notice that it intends to rely upon such other defenses as may become available by law or pursuant to statute or may be revealed by discovery proceedings in this case and hereby reserves the right to amend the Answer to assert such defenses.

## REQUEST FOR RELIEF

WHEREFORE, Minnesota Life prays for judgment as follows:

1.     The Complaint be dismissed with prejudice;

2.     The Court enters judgment for Minnesota Life as to any and all matters;

2.     Minnesota Life be awarded its attorneys' fees and costs according to proof; and

4.     For such other and further relief as this Court may deem just and proper.

DATED:  August 8, 2018          ROBERT D. PHILLIPS
                                KATHY J. HUANG
                                GILLIAN H. CLOW
                                **ALSTON & BIRD LLP**


                                /s/ Gillian H. Clow
                                _____
                                Gillian H. Clow
                                Attorneys for Defendant
                                MINNESOTA LIFE INSURANCE COMPANY