1  James A. Anton (144999)
   Law Office of James A. Anton
2  7700 Irvine Center Drive, Suite 800
   Irvine, CA 92618
3  949-753-2818
   Email: *james@jamesantonlaw.com*
4
   Attorney for Defendants, Jeannette Manfre, Albert Manfre and
5  CMAM, Inc. dba Heritage Financial Services

6
                    **UNITED STATES DISTRICT COURT**
7
           **CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**
8

9

10

11 | KOLETTE A. PAGE AND CLETUS M. PAGE    )   Case No. 8:18-cv-01208 AG (KESx)
                                           )   (Assign: Hon. Judge Andrew J. Guilford)
12 |          PlaintiffS,                  )
                                           )
13 |   v.                                  )   **NOTICE OF MOTION FOR MORE**
                                           )   **DEFINITE STATEMENT OR IN THE**
14 | MINNESOTA LIFE INSURANCE              )   **ALTERNATIVE MOTION TO**
     COMPANY, SHURWEST HOLDING             )   **DISMISS COMPLAINT AGAINST**
15 | COMPANY, INC., SHURWEST, LLC;         )   **DEFENDANTS (Fed. R. Civ. P. 12(e)**
     HAPPY STATE BANK & TRUST COMPANY      )   **and 12(b)(6); MEMORANDUM OF**
16 | DBA GOLDSTAR TRUST COMPANY;           )   **POINTS & AUTHORITIES**
     FUTURE INCOME PAYMENTS, LLC;          )
17 | CMAM, INC. DBA HERITAGE FINANCIAL     )   Hearing Date: December 17, 2018
     SERVICES; ALBERT ANDREW MANFRE;       )   Hearing Time: 10:00 am
18 | JEANNETTE MANFRE; MATTHEW LEE         )   Courtroom: 10D
     BIESER, AND DOES 1 – 10,              )
19 |                                       )
              Defendants.                  )   **[REQUEST FOR JURY TRIAL]**
20

21

22 TO PLAINTIFF'S KOLLETTE & CLETUS PAGE AND THEIR ATTORNEY OF RECORD:

23        NOTICE IS HEREBY GIVEN  that Defendants, CMAM, Inc. dba Heritage Financial

24 Services (hereinafter Heritage") and Defendants, Albert Manfre and Jeannette Manfre (hereinafter the

25 "Manfre's) and (hereinafter Heritage and Manfre's are at times collectively described as

26 "Defendants") will move the court on December 17, 2018 at 10:00 am in Courtroom 10D of the

27 United States District Court for the Central District at 411 West Fourth Street, Santa Ana, California

28 for a more definite statement under *Rule 12(e)* or alternatively to dismiss the complaint against

Defendants under *Rule 12(b)(6)*. This motion is made after Plaintiff's kindly granted two (2) extensions of time to respond.

### Relief Requested

COMES NOW Defendants, move the court for a more definite statement under *Rule 12(e)* or alternatively to dismiss the complaint against Defendants under *Rule 12(b)(6)*.

At least seven days prior to filing this motion, counsel for Defendants contacted Plaintiff's attorney to discuss the matters raised in this motion, asking Plaintiff to either dismiss Defendants or amend the complaint. The motion is made following an exchange of emails resulting in an electronic conference pursuant to *L.R. 7-3* that took place on September 13 and 14, 2018. The matters were not resolved, rendering the need to file this motion.

### Grounds for Motion

The gravamen of each cause of action involves investment documents containing terms, conditions and disclosures that are <u>not pled</u> in any way in the complaint nor are they pled in the complaint by attaching them to the complaint, rendering the complaint uncertain and void of a definite and certain basis to enable the court to truly evaluate the propriety of allegations of the complaint and to enable Defendants to properly answer the complaint and determine applicable affirmative defenses to assert, rendering the complaint uncertain and defective, rendering it subject to *Rule 12(e)*.

In addition, Defendants Jeannette Manfre and Albert Manfre are individuals and there are not facts sufficiently alleged against them to state any causes of actions against them in their individual capacity other than by conjecture and conclusions. They never spoke with, never communicated with, never met with the Pages <u>prior to them making such investments forming the basis of the complaint</u>. If such occurred, the complaint would have alleged such facts. A close reading of the allegations relating to the Manfre's show that there are no allegations that they ever spoke with, ever communicated with, or ever met with the Pages <u>prior to them making such investments forming the</u>

1   basis of the complaint. The complaint is silent on these matters, rendering the complaint deficient and
2   uncertain and defective, rendering it subject to *Rule 12(e)*.

3       The complaint should alternatively be dismissed against Defendants because each cause of
4   action in the complaint does not state sufficient facts against Defendants to state a cause of action
5   because none of the investment documents have been plead nor are they attached and therefore
6   Defendants should be dismissed pursuant to *Rule 12(b)(6)*.

7       In addition, the Manfre's are individuals alleged to be connected with CMAM, Inc. dba
8   Heritage Financial Services, a California corporation and there are not facts sufficiently alleged
9   against them to state any causes of actions against them in their individual capacity other than by
10  conjecture and conclusions. The complaint is silent on these matters, rendering the complaint
11  deficient and should be dismissed pursuant to *Rule 12(b)(6)*.

12      Moreover, the gravamen of each cause of action involves investment documents that contain
13  terms and condition and disclosures that have not even been plead in their entirety or by attaching
14  them to the complaint, some of which contradict the allegations in the complaint, rendering the
15  complaint defective to enable the court to truly evaluate the allegations for propriety, rendering it
16  subject to dismissal pursuant to *Rule 12(b)(6)*.

17      This motion is based upon this notice of motion, and memorandum of points and authorities,
18  the complaint and upon such other oral or documentary evidence as may be presented at the hearing
19  on this matter.

20      Defendants also hereby request a jury trial for all causes and matters before the court.

LAW OFFICE OF JAMES A. ANTON

DATED: _____, 2018        _____
                               James A. Anton, Attorney for Defendants, Jeannette Manfre,
                               Albert Manfre and CMAM Inc. dba Heritage Financial Services

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION:

Paragraph 2 of the complaint alleges the conclusion of an unlawful securities and insurance scheme. Paragraph 3 of the complaint alleges the conclusion of fraud and deception to liquidate life savings. Paragraph 4 of the complaint alleges the purchase of FIP securities. Paragraphs 27 - 30 of the complaint alleges and references trust documents. Paragraph 36 of the complaint alleges that Beiser presented Plaintiff's with writings to purchase the FIP securities. What the complaint does not include are the referenced "securities", "insurance," "FIP securities," "trust documents" and "writings" forming the basis of the alleged investments that Plaintiff's complain about. Also, there are not real facts plead about the "securities", "insurance," "FIP securities," "trust documents" and "writings" forming the basis of the alleged investments that Plaintiff's complain to give the parties an understanding about what is the actual factual basis of the conclusions referenced in the complaint. Normally, investment documents include terms and conditions and disclosure statements, none of which are plead in detail and explained, nor attached, rendering the complaint uncertain to enable the parties to answer properly.

Defendants Al Manfre and Jeannette Manfre (collectively "Manfre's") never signed a contract with Plaintiffs and never communicated, verbally or in writing with Plaintiffs and never even met Plaintiffs prior to them making any investments. Therefore, there are no viable claims by Plaintiffs against the Manfre's that are pled with actual facts.

The court must ask itself the following questions when viewing this complaint as to Defendants, Jeannette Manfre, Al Manfre and CMAM, Inc. dba Heritage Financial Services: (1) Why does the complaint not attach a single investment document though such are referenced in the complaint? (2) What did Al Manfre do or represent to Plaintiffs prior to Plaintiff's investments and what did he do in his individual capacity to contract with Plaintiffs? The simple answer as to Al

Manfre is nothing. (3) What did Jeannette Manfre do or represent to Plaintiffs prior to Plaintiff's investments and what did she do in her individual capacity to contract with Plaintiffs? The simple answer as to Jeannette Manfre is nothing. (4) What did CMAM, Inc. dba Heritage Financial Services do or represent to Plaintiffs prior to Plaintiff's investments and what did it do to contract with Plaintiff. Nothing. The simple answer to any of these questions is nothing and there is nothing plead in the complaint on these matters to enable Defendants to know what they did wrong leading up to Plaintiff's placing their investments.

Because the complaint does not mention anything specific about Defendants Heritage, Jeannette Manfre and Al Manfre doing anything prior to or leading up to Plaintiff's investments, the complaint is uncertain and deficient as to Defendants and void of specific facts as to Defendants. It also fails to state any specific facts about individuals, Jeannette Manfre and Al Manfre leading up to Plaintiff's investments to state a valid cause of action under any cause of action. As a result, the complaint is uncertain as to the Manfre's and Heritage and void of specific facts as to Defendants.

The complaint must provide more definite statements as to all Defendants to enable these parties to properly answer the complaint or in the alternative they must be dismissed for the inability to state any facts about these parties.

2.  **CONTRACTS FORMING THE BASIS OF THE COMPLAINT ARE MISSING**:

The complaint references at Paragraphs 1 though 5 and paragraphs 27 - 30 and 36 various investments, yet the complaint does not plead those documents with specificity as to the terms and conditions and disclosures nor are those documents attached to the complaint. Each case of action is based upon the written contract documents yet none are attached or plead in detail. What are missing from the complaint are the actual "insurance", "securities", "IRA's", "trust documents," "writings," talked about in Paragraphs 1 through 5 and Paragraphs 27 – 30 & 36 of the complaint. Why is that?

Defendants ask the court to require Plaintiffs to plead sufficiently the material terms and conditions and disclosures of these documents or attaching the documents so that the Defendants and the court can sufficiently evaluate the propriety of the alleged causes of action. All material terms of the alleged agreements have not been plead "in haec verba (word by word)" nor attached nor has the legal effect been plead properly. As a matter of law, each cause of action must fail because each cause of action is premised upon such documents and they must be attached or pled in detail the material terms or in a detailed fashion their legal effect. The documents are important because they contain terms and conditions, they contain disclosures initialed by Plaintiffs, all of which tie into the claims pled in the complaint. If the documents were pled in detail or attached, then Defendants and the court would be best prepared to see how the allegations in the complaint contradict such disclosure documents to determine if the claims asserted in the complaint are a sham. *Construction Protective Services, Inc. v. TIG Specialty Insurance (2002) 29 Cal. 4th 189, 198-199, 126 Cal. Rptr. 2nd 908, 914; Davies v. Sallie Mae, Inc. (2008) 168 Cal. App. 4th 1086, 191, 86 Cal. Rptr. 3d 136, 140*. True and correct copies of disclosures are attached to this motion as Exhibit 1 for Plaintiff, Cletus and Exhibit 2 by Plaintiff, Kollette. As can be seen from the disclosures initialed by each Plaintiff, they were not duped into anything and the disclosures contradict the false impression given from the Complaint conclusions and conjecture.

Each and every cause of action in the complaint is premised upon the contractual documents referenced above. Because the investment, trust and writings are not pled and are not attached, the motion must be granted.

**3. INDIVIDUAL MANFRE'S MUST BE DISMISSED:**

The complaint pleads no specific facts about anything Al and Jeannette Manfre specifically did leading up to Plaintiff's investments or at the time Plaintiff's investments, other than innuendo and conjecture that they are licensed agents. These individuals never met with, never communicated

with, never emailed or texted and never signed any documents with Plaintiff's <u>prior to Plaintiff's investments</u> that they complain about in the complaint. If they did, then such facts would have been pled in the complaint. To be liable for any of the causes of action, one must at least have communicated with, emailed or texted with or signed some document with Plaintiff's <u>prior to Plaintiff's investments that they complain about</u>. Nothing of this sort has been pled. All that is pled about them individually is some alleged communications years after their investments, none of which implicate them individually in any of the causes of action.

So how could the Manfre's possible commit elder abuse, fraud and other conclusory assertions in the complaint without such communication, representation or action on their part? How could an individual abuse an elder if the person never spoke with, never communicated with, and never met with the person? How can someone commit fraud against another person if the individual never spoke with, never communicated with, never met with the person? How could someone ever violate security's laws in dealing with some individual if they never spoke with, never communicated with, never represented, never met with the person? If the Manfre's could be prosecuted when they never spoke with, never communicated with, never represented, never met with the Pages prior to them making such investments, then the Pages can sue anybody in this world on these alleged claims. Yet they are being sued as if the Manfre's in their individual capacity did something wrong, which they did nothing of the sort. They must be dismissed under *Rule 12(b)* or at least be required to state specific facts as to them in the their individual capacity.

The Manfre's are alleged to be connected with CMAM, Inc. dba Heritage Financial Services, a registered California Corporation. The corporation never spoke with, never communicated with, and never met with the Page's. Even if the corporation met with the Page's that does not mean that the Manfre's in their individual capacity could ever be liable to the Page's because a corporation under general principals of law is a separate entity and treated as a separate person. The shareholders

and officers are shielded from liability through the corporation. It is a general rule that a corporation is an entity separate and distinct from its shareholders. *Erkenbrecher v. Grant (1921) 187 Cal. 7, 9 [200 P. 641]* There are no facts plead in the complaint to render the Manfre's as individuals connected with CMAM, Inc. to make them liable in any way in their individual capacity given that CMAM, Inc. is a California corporation with a separate legal existence under California law separate and distinct from its shareholders and officers. Because the complaint pleads nothing to go beyond this longstanding law, the Manfre's should be dismissed or alternatively, Plaintiff's must truly plead facts that bring the Manfre's into individual liability which has not taken place given that they never spoke with, never communicated with and never met with the Page's prior to they made their alleged investments. They must therefore be dismissed under *Rule 12(b)*.

4.      **A MORE DEFINITE STATEMENT IS NEEDED UNDER *RULE 12(e)*:**

The complaint does not contain any of the operative contracts and disclosures nor specific allegations about them that form the basis of the investments made by Plaintiffs that form the subject matter of each and every cause of action. The court should ask why this is the case? It could be that such documents will set up an easy avenue to dismiss the entire action under *Rule 12(b)*, which Plaintiff's do not want to avail the parties. How can Defendants and the court determine if the action is sufficiently based without looking at the actual investment documents that contain many disclosures that form the basis of each and every claim.

Motions under *Rule 12(e)* are commonly used for shotgun pleadings where a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type of shotgun complaint is where the complaint is replete with conclusory, vague and immaterial facts not obviously connected to any particular cause of action. *Weiland v. Palm Beach County Sherrif's Office 792 F. 3d 1313, 1321- 1323 (111th Cir. 2015)*

The present complaint is set up in a shotgun fashion that for each cause of action, the first paragraph under each cause of action incorporates everything alleged prior, with the final cause of action being a culmination and caldron of all prior causes of action, very much what the court in *Weiland* talked about the worst example of a shotgun complaint. *Rule 12(e)* motion for more definite statement is the perfect tool to get Plaintiff to amend its complaint and attach all of the investment documents so that Defendants can properly answer the allegations and determine pertinent affirmative defenses and for the court can easily rule on *Rule 12(b)* motions at a later date if applicable.

The present complaint as noted already does not state specific facts that tie into CMAM, Inc. other than conclusions. Moreover, there certainly is nothing specific alleged about the Manfre's as noted above. Therefore, the motion should be granted.

5. **CONCLUSION**:

The Complaint fails to state sufficient facts to enable Defendants to respond or answer due to missing documents and insufficient facts implicating the individual Manfre's rendering the complaint uncertain and in need of further statement. Moreover, the Complaint is also subject to dismissal. Therefore the must be granted.

**REQUEST FOR JURY TRIAL**: Defendants also hereby request a trial by jury for all causes of action and all matters to be tried before the court.

LAW OFFICE OF JAMES A. ANTON

DATED: 9-24, 2018

James A. Anton, Attorney for Defendants, Jeannette Manfre, Albert Manfre and CMAM Inc. dba Heritage Financial Services

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE, UNITED STATES OF AMERICA

I am employed in the county of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 7700 Irvine Center Drive, Suite 800, Irvine, CA 92618.

On Sept. 24, 2018, I served the foregoing document described as **NOTICE OF MOTION FOR MORE DEFINITE STATEMENT OR IN THE ALTERNATIVE MOTION TO DISMISS COMPLAINT AGAINST DEFENDANTS (Fed. R. Civ. P. 12(e) and 12(b)(6); MEMORANDUM OF POINTS & AUTHORITIES** on the interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

Brandon Reif, Reif Law Group, 10250 Constellation Blvd., Suite 100, Los Angeles, CA 90067 (310) 494-6500 (BReif@reiflawgroup.com) (*Plaintiff's*)

Kathy Huang, Alston & Bird, 333 South Hope Street, 16th Floor, Los Angeles, CA 90071 (213) 576-1000 (Kathy.huang@alston.com) (*Minnesota Life Ins. Co.*)

Joseph Aliberti, Law Office Joseph Aliberti, 4340 Von Karman Ave., Suite 110, Newport Beach, CA 92660 (949) 734-0550 (jma@alibertilaw.com) (*Mathew Beiser*)

Joe Akrotirianakis, King & Spalding, 633 West Fifth Street, Suite 1700, Los Angeles, CA 90071 (213) 443-4355 (JAkro@KSLAW.com)  (Shurwest Holding Company, Inc. & Shurwest, LLC)

Faisal Zubairi, Dorsey & Shitnes, 600 Anton Blvd., Suite 2000, Costa Mesa, CA 92626-7655 (714-800-1461) (zubairi.faisal@dorsey.com) (Happy State Bank & Goldstar Trust Company)

____ **VIA MAIL:** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Orange County, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

____ **BY PERSONAL SERVICE:** I delivered such envelope by hand to the office of the above addressee(s) during normal business hours.

____ **BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to an overnight courier service for delivery to the addressee(s) shown.

X   **VIA ELECTRONIC MAIL:** The document was served electronically to the respective e-mail address(es) of the party(ies) as stated above and/or on the mailing list.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed Sept. 24, 2018, at Orange County, California.

_____
James A. Anton