1  Faisal M. Zubairi (SBN 244233)
   zubairi.faisal@dorsey.com
2  Scott D. Goldsmith (SBN 259499)
   goldsmith.scott@dorsey.com
3  **DORSEY & WHITNEY LLP**
   600 Anton Boulevard, Suite 2000
4  Costa Mesa, CA 92626-7655
   Telephone: (714) 800-1400
5  Facsimile: (714) 800-1499

6  Alex Yarbrough (Admitted *Pro Hac Vice*)
   ayarbrough@rineymayfield.com
7  **RINEY & MAYFIELD LLP**
   320 S. Polk St., #600
8  Amarillo, TX 92626
   Telephone: (806) 468-3202
9  Facsimile: (806) 376-4509

10 Attorneys for Defendant HAPPY STATE
   BANK dba GOLDSTAR TRUST
11 COMPANY

12              **UNITED STATES DISTRICT COURT**

13              **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KOLETTE A. PAGE and CLETUS M. PAGE, individually and on behalf of their individual retirement accounts,<br><br>Plaintiffs,<br><br>vs.<br><br>MINNESOTA LIFE INSURANCE COMPANY, a Minnesota corporation; SHURWEST HOLDING COMPANY, INC., an Arizona corporation; SHURWEST, LLC, an Arizona limited liability company; HAPPY STATE BANK & TRUST COMPANY dba GOLDSTAR TRUST COMPANY, a Texas business entity (corporate status unknown); FUTURE INCOME PAYMENTS, LLC, a Delaware limited liability company; CMAM, INC. dba HERITAGE FINANCIAL SERVICES, a California corporation; ALBERT ANDREW MANFRE, an individual; JEANETTE MANFRE, an individual; MATTHEW LEE BIESER, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO: 8:18-CV-01208<br><br>HONORABLE ANDREW J. GUILFORD<br><br>**DEFENDANT HAPPY STATE BANK DBA GOLDSTAR TRUST COMPANY'S OBJECTIONS TO DECLARATION OF KOLETTE A. PAGE**<br><br>**HEARING**<br>Date:       December 3, 2018<br>Time:       10:00 am<br>Courtroom:  10D<br><br>Complaint Filed: July 9, 2018<br>Trial Date: None Set |

DEFENDANT'S OBJECTIONS TO DECLARATION OF KOLETTE A. PAGE

4837-4119-2064\1

Defendant Happy State Bank dba GoldStar Trust Company (hereinafter "GoldStar"), makes the following objections to the Declaration of Kolette A. Page ("K. Page Declaration") (Dkt. No. 93-4):

| DECLARATION STATEMENT | OBJECTIONS |
|---|---|
| "Matthew told me that all FIP investors used GoldStar so I did not have a choice"  K. Page Declaration ¶ 20. | Hearsay.  FRE, Rules 802, 805.  The statement is based on the alleged representation of a third party regarding GoldStar and is therefore inadmissible hearsay.<br><br>Lacks foundation.  FRE, Rule 602.  The statement is not within declarant's personal knowledge and is based on the alleged representation of a third party regarding GoldStar.  The statement is also contradicted by Paragraph 18 of the K. Page Declaration, which acknowledges that Ms. Page "followed Matthew's instructions and signed where he indicated" because she "trusted" Mr. Bieser.<br><br>Irrelevant.  FRE, Rules 401, 403.  The statement as to what other investors did is not relevant whether the Court has personal jurisdiction in this case. |
| "In order to fund policy premiums, GoldStar sold some of my FIP securities and distributed money from my IRA to my bank…" K. Page Declaration ¶ 22. | Lacks foundation.  FRE, Rule 602.  The statement is not within the declarant's personal knowledge and is in fact contradicted by Paragraph 37 of the Complaint, which acknowledges that "Plaintiffs took taxable distribution form their IRAs to pay the premiums on the Minnesota Life Permanent Insurance Policies."  Paragraph 37 of the Complaint is also corroborated by Paragraph 24 of the K. Page Declaration, |

1

| DECLARATION STATEMENT | OBJECTIONS |
|---|---|
| | which acknowledges "[t]his is in fact what I did." |
| "I received a letter from FIP stating that it was ceasing operations due to…and from GoldStar failing to 'keep partner' with FIP." K. Page Declaration ¶ 26. | Hearsay. FRE, Rules 802, 805. The statement is based on the alleged representation of a third party regarding GoldStar and is therefore inadmissible hearsay.<br><br>Lacks foundation. FRE, Rule 602. The statement is based on the alleged representation of a third party regarding GoldStar and Plaintiff therefore lacks foundation.<br><br>Irrelevant. FRE, Rules 401, 403. The statement as to what another party said regarding GoldStar is not relevant whether the Court has personal jurisdiction in this case. |

DATED: November 28, 2018     DORSEY & WHITNEY LLP

By: */s/ Scott D. Goldsmith*
    Faisal M. Zubairi
    Scott D. Goldsmith
    Attorneys for Defendant
    HAPPY STATE BANK dba
    GOLDSTAR TRUST COMPANY

# CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2018, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Central District, by using the CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Dated:  November 28, 2018            DORSEY & WHITNEY LLP

                                     By:   */s/ Scott D. Goldsmith*
                                           Scott D. Goldsmith